Bing Zhang Ryan (Bar No.: 228641)
MAGSTONE LAW LLP
4633 Old Ironsides Drive, Suite 160
Santa Clara, CA  95054
Telephone: (925) 257-3097
Email: bingzhangryan@magstonelaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO MIDDLE EAST FZE and LEO HOLDINGS HONG KONG LIMITED, <br><br>     Plaintiffs, <br><br>     v. <br><br> EWI CAPITAL, LLC, ZHE ZHANG, and DOES 1 through 10, inclusive, <br><br>     Defendants. | Civil Case No.: _____ <br><br> **COMPLAINT** |

COMPLAINT

## I.    INTRODUCTION

1.    This action arises from Defendants' breach of contract and breach of their fiduciary duty owed to Plaintiffs by failing to return the $5 million investment to Plaintiffs, failing to timely providing investment information to Plaintiff, and failing to set up appropriate structure to protect Plaintiff's assets.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d).  The requirement of minimal diversity is met as the amount in controversy exceeds the amount of $75,000, exclusive of interest and costs, and the dispute is between citizens of a state and a citizen of a foreign state.  *See* 28 U.S.C. § 1332(d)(2).

3.    This Court has personal jurisdiction over Defendants in that Defendants either reside or conduct business in San Mateo County, California.  Defendant EWI Capital, LLC is registered to conduct business in the state of Delaware.  However, its sole owner, Defendant Zhe Zhang ("Defendant Zhang"), resides and/or conducts business in San Mateo County, California.  Defendants also engaged in the misconduct alleged herein in San Mateo County, California.

4.    Venue for this action is proper in this District pursuant to 28 U.S.C. §1391(b) in that Defendants' principal place of business is located in this judicial district and Defendants regularly conducts business in this district.  The causes of action also arose, at least in part, in this district.

## III.    THE PARTIES

5.    Plaintiff Leo Middle East FZE ("Leo ME") is an entity registered to conduct business in the United Arab Emirates ("UAE").

6.    Plaintiff Leo Holdings Hong Kong Limited (formerly known as "Zhejiang Leo (Hongkong) Ltd." ("Leo HK") is an entity registered to conduct business in Hong Kong, China. Plaintiff changed its name in March 2021.

7.    Plaintiff Leo ME and Leo HK are affiliated entities.

8.    Defendant EWI Capital, LLC ("EWI Capital") is a company registered in the State of Delaware.  Its principal and sole member, Defendant Zhang, resides and/or conducts

business in San Mateo County, California.  Upon information and belief, as the sole owner of EWI Capital, Defendant Zhang controls and manages EWI Capital.

9.     The true names and capacities of Defendants named as Does 1 through 10, inclusive, whether individual, corporate, partnership, associate, co-conspirators, or otherwise, are unknown to Plaintiffs and are also sued by fictitious names.  When Plaintiff ascertains the true names and capacities of these Does Defendants, it will seek leave of court to amend this complaint to include their true names and capacities.  Plaintiffs allege that Doe Defendants bear responsibility for some or all of the wrongful acts alleged in this complaint.

10.     Plaintiffs are informed and believe, and on that basis allege, that Defendants and Does 1 through 10, inclusive, were, at all times relevant to this action, the agent, employer, partner, principal, director, member, manager, managing member, managing agent, coconspirator, join-venture, alter ego, or part of an integrated enterprise of each other, that each of them acted within the course, scope, and authority of said relationships, and that as a result, said Defendants are jointly and severally liable for the acts alleged herein.

### IV.     SUBSTANTIVE ALLEGATIONS

**A. Defendants Breached the Investment Agreement by Failing to Return the HTT Investment Amount to Plaintiffs After the Investment Agreement Is Expired**

11.     On or around July 26, 2017, Edgewater HTT III LLC ("Edgewater HTT III"), an entity controlled and managed by Defendant Zhang, purchased 1,428,571 shares of Series A Preferred Stock of Hyperloop Transportation Technologies, Inc. ("HTT").  Defendants Zhang signed the Series A Preferred Stock Purchase Agreement with HTT on behalf of Edgewater HTT III.

12.     On or around September 1, 2017, Plaintiff Leo ME, Edgewater HTT III and Defendant EWI Capital executed an Investment Agreement, in which Plaintiff Leo ME agreed to purchase the 1,428,571 shares of Series A Preferred Stock of HTT for $5 million (the "HTT Investment").  The parties further agreed that Plaintiff Leo ME would act as a Limited Partner and Defendant EWI Capital would act as a General Partner ("GP") to actively manage the HTT Investment.  Defendant Zhang signed the Investment Agreement on behalf of Defendant EWI

Capital.  A true and correct copy of the Investment Agreement signed by Plaintiff Leo ME and Defendant EWI Capital is attached as **Exhibit 1**.

13.    Provision 3.1 of the Investment Agreement states that the term of the HTT Investment shall be three years.  The Investment Agreement states that Defendant EWI Capital may choose to extend the investment term twice, each with a one-year extension.  Provision 3.1 also starts the calculation of the term from the date Plaintiff Leo ME provided the entire $5 million investment amount to Defendants.

14.    Plaintiff Leo ME transferred $3 million to Defendants on or around September 23, 2017.  Defendants received this amount on or around September 26, 2017.  Plaintiff Leo ME transferred an additional $2 million to Defendants on or around December 28, 2017.  Defendants received this amount around the same time.  Therefore, the term of the Investment Agreement shall start on December 28, 2017.

15.    Plaintiffs did not receive any notification from Defendants that they elected to extend the term of the Investment Agreement for one year by December 2020.  Therefore, the term of the Investment Agreement expired on December 27, 2020.

16.    Provision 3.6.2 of the Investment Agreement lists a few scenarios under which the HTT Investment shall be terminated, including when the three-year term is expired.  Provision 3.11 further states that after the Investment Agreement is terminated, the entire investment amount shall be returned to Plaintiff.

17.    On January 25, 2021, Plaintiffs wrote to Defendants, demanding for a return of the HTT Investment.  However, as of the date of this filing, Defendants have not returned the HTT Investment amount to Plaintiffs.

18.    As of the date of this filing, Defendants still owe Plaintiffs $5 million.

**B. Defendants Breached the Investment Agreement by Failing to Fulfill Their Obligations as a GP and Failing to Provide Financial Information Relating to the HTT Investment on a Timely Manner**

19.    Provision 3.4.1 of the Investment Agreement states that Plaintiff Leo ME shall be entitled to obtaining information relating to its HTT Investment, including but not limited to,

financial and operation status of HTT.  Provision 3.4.2 states that Plaintiff Leo ME has a right to inspect financial information relating to the HTT Investment periodically.   The Chinese transaction of this Provision states that Defendant EWI Capital shall carry out this duty on a quarterly basis.

20.    Provision 3.5.5 states that, as a GP, Defendant EWI Capital "must strictly fulfill the duty and obligations in an honest, faithful, cautious and effective manner".

21.    Provision 3.7.2 states that, "within 5 working days" from the set up of the HTT Investment, Defendant EWI Capital shall disclose information relating to HTT to Plaintiff Leo ME.   Defendant EWI Capital shall also compile and provide to Plaintiff Leo ME a "Fund management report" on a regular basis.  The Chinese transaction of this Provision states that Defendant EWI Capital shall carry out this duty on a quarterly basis.

22.    After Plaintiff Leo ME transferred the $5 million HTT Investment to Defendants in December 2017, Plaintiffs made regular inquiries as for the financial and operation status of HTT.  However, Defendants failed to provide such information upon inquiries of Plaintiff and pursuant to the terms of the Investment Agreement.

23.     In or around February 27, 2019, upon repeated inquiries from Plaintiffs, Defendant Zhang finally sent a Post-Investment Report to Plaintiff.  This is the only Post-Investment Report sent over by Defendants.

24.    In or around November 2018, Defendant Zhang also sent Plaintiffs HTT's financial statement.  Again, this is the only time that Defendants sent Plaintiffs HTT's financial information after Plaintiff made the HTT Investment in 2017.

25.    Not only Defendants failed to provide Plaintiffs information relating to the HTT Investment on a quarterly basis as required by the Investment Agreement, they also did not answer numerous inquiries from Plaintiffs regarding providing such information.

**C. Defendants Failed to Reflect the Ownership Change of Edgewater HTT III after Edgewater HTT III Transferred Its HTT Shares to Plaintiff Leo HK**

26.    After the parties signed the Investment Agreement on September 1, 2017, the HTT Investment was held by Edgewater HTT III.  Therefore, in or around February 2018,

Plaintiff Leo ME requested Defendants to tranfer the HTT Investment to its affiliated entity, Plaintiff Leo HK.

27.   Due to delays of Defendants, Edgewater HTT III did not sign a Tranfer Agreement with Plaintiff Leo ME until November 22, 2018, in which it formally transferred the HTT Investment to Plaintiff Leo ME.

28.   As the HTT Investment was the only asset held by Edgewater HTT III, Defendants should file relevant documents with the State of Delaware to reflect the ownership change of Edgewater HTT III after the execution of the Transfer Agreement.  However, as of the date of this filing, Defendants have failed to do so.  Defendants also insisted that Defendant EWI Capital shall retain the voting rights of the HTT Investment.

29.   Not only Defendants failed to set up an appropriate structure to protect Plaintiffs' assets immediately after Plaintiff Leo ME made the HTT Investment, they also did not reflect the ownership change of Edgewater HTT III timely.

**D. Plaintiffs Discover that Defendant Zhang Conducts Business Fraudulently by Hiding His True Identity and Using Non-Existing Addresses in Corporate Filings**

30.   After Defendants failed to return the $5 million HTT Investment to Plaintiffs pursuant to the terms of the Investment Agreement, Plaintiffs became suspicious regarding Defendant Zhang and conducted an investigation against Defendant Zhang.

31.   Plaintiffs discover that Defendant Zhang registered several busines entities in the State of Delaware and in the State of California and used the following address in several corporate filings: 110 Blythe Street, Foster City, CA 94404.  However, upon a diligent search, Plaintiffs discover that this address does not exist.

32.   Another address that Defendant Zhang used to register some of his business entities (3555 S. El. Camino Real, #818, San Mateo, CA 94403) is a mailbox number that Zhang rented from another business.  However, Defendant Zhang presents this address (by using #818 instead of P.O. Box 818) as if he has an office at this address.

33. Plaintiffs further notice that Defendant Zhang writes his first name in Chinese character in two different ways: 哲 or 喆. Though the pronunciations for these two Chinese characters are the same, the writings are different. According to Chinese culture, a child's first name was given by his parents when he was born. The first name is then fixed for the rest of the child's life for ease of reference. Changing the Chinese character for the first name means to have a completely different name.

34. Plaintiffs believe that Defendant Zhang conducted the HTT Investment fraudulently for the following reasons: (1) Defendant Zhang set up Edgewater HTT III to hold the HTT Investment and controlled Edgewater HTT III until Plaintiffs repeatedly demanded Defendant Zhang to transfer the HTT Investment to Plaintiff Leo HK; (2) Even after the HTT Investment was transferred to Leo HK, Defendant Zhang refuses to reflect the ownership change of Edgewater HTT III with the State of Delaware and insists on keeping the voting rights for the HTT Investment; (3) Defendant Zhang consistently uses different names and fake addresses in public records and in his communications with Plaintiffs; and (4) Defendant Zhang made material mistakes in his business dealing with Plaintiffs. For example, after Defendants transferred the HTT Investment from Edgewater HTT III to Plaintiff Leo HK upon Plaintiffs' demand, Plaintiffs asked Defendants to provide a legal opinion regarding the validity of the asset transfer. Defendant retained an attorney from Winston & Straw to provide a legal opinion. However, the name of the entity as referred in the legal opinion is incorrect, therefore, render the legal opinion useless.

35. Defendant Zhang did not set up an adequate structure to protect Plaintiffs' legal interest at the beginning of this busines dealing. After Plaintiffs demanded for an adequate protection, Defendant Zhang insists on keep the voting rights for the HTT Investment and refuses to reflect the ownership change of Edgewater HTT III. Although the Investment Agreement has been expired for more than three months, Defendants refuse to return the $5 million HTT Investment to Plaintiffs pursuant to the terms of the Investment Agreement. The above-stated facts, combined with Defendant Zhang's intentionally hiding his identity and using

a non-existing address, show that Defendant Zhang has committed fraud in conducting business dealing with Plaintiff.

## V.   FIRST CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

36.   Plaintiff repeats all previous allegations as if set forth in full herein.

37.   Plaintiff, Defendants, and Edgewater HTT III executed the Investment Agreement concerning the HTT Investment. *See* **Exhibit 1**. Plaintiff transferred $5 million to Defendants to purchase the HTT Investment from Edgewater HTT III. However, Defendants materially breached the Investment Agreement by failing to return the HTT Investment to Plaintiff upon the expiration of the Investment Agreement and failing to provide Plaintiff financial and operation information of HTT on a timely manner.

38.   Defendants' breach caused a loss of at least $5 million to Plaintiff.

## VI.   SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against All Defendants)

39.   Plaintiff repeats all previous allegations as if set forth in full herein.

40.   A fiduciary relationship exists between Plaintiff and Defendants pursuant to the Investment Agreement. Fiduciary duty of care is appliable to persons and entities managing a limited liability company and its assets, such here. Defendant EWI Capital acted as GP for the HTT Investment. Defendant Zhang was the sole owner and member of EWI Capital. As Defendants actively managed the HTT Investment and Plaintiff took a passive role regarding the HTT Investment, Defendants owe fiduciary duties, including duty of care, to Plaintiff.

41.   As GP of the HTT Investment and the sole owner of Defendant EWI Capital, Defendants are duty bound to act with the utmost good faith for the benefit of Plaintiff, a passive investor.

42.   Plaintiff was willing to make the investment in reliance on the professional skills and integrity of Defendants. Defendants voluntarily accepted the confidence from Plaintiff, and

therefore, can take no advantage from their acts relating to the interest of Plaintiff without the Plaintiff's knowledge or consent.  However, Defendants refused to return the HTT Investment to Plaintiff upon repeated requests from Plaintiffs without a valid reason and failed to provide relevant information of HTT to Plaintiff on a timely manner.  Defendants, therefore, have breached their fiduciary duty owed to Plaintiff.

43.    Defendants' breach is contrary to interests of Plaintiff.

44.    Defendants' misconduct directly caused damages to Plaintiff by depriving Plaintiff's right to the HTT Investment amount that should be returned to Plaintiffs upon the expiration of the Investment Agreement.

### VII.    THIRD CAUSE OF ACTION

### Fraud

### (Against All Defendants)

45.    Plaintiff repeats all previous allegations as if set forth in full herein.

46.    Defendants made various misrepresentations to Plaintiffs, including that Defendants would return the $5 million to Plaintiffs in or around December 2020, that Defendant Zhang is qualified to manage assets on behalf of Plaintiffs and will act in the best interests of Plaintiffs in managing Plaintiffs' assets.

47.    Defendants knew that the above statements are false when they made these statements.  Defendants fail to protect Plaintiffs' assets at the beginning of this business deal. Defendant Zhang controlled and managed Edgewater HTT III for more than a year before Plaintiffs demanded the asset tranfer to Plaintiff Leo HK.  Defendants still keep the voting rights of the HTT Investment and refuse to reflect the ownership change for Edgewater HTT III with the State of Delaware.  Furthermore, Defendant Zhang intentionally hides his identity to Plaintiffs and uses a non-existing address in public filings.

48.    Defendants made the above statements with an intent to induce Plaintiffs' reliance on the misrepresentation.

49.    Plaintiffs have justifiably relied on the misrepresentations by making the HTT Investment.

50.    Plaintiffs suffer a loss of $5 million by Defendants' actions.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  Directing Defendants to pay Plaintiff for the amount of $5 million, plus prejudgment interest at the maximum legal rate as allowed by the law;

2.  Awarding Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts;

3.  For punitive and exemplary damages according to proof at trial;

4.  For penalties to the fullest extent permitted by law; and

5.  Granting such other or further relief as the Court may deem just and proper.

DATED:  May 26, 2021                    MAGSTONE LAW LLP


                                        /s/ Bing Zhang Ryan
                                        Bing Zhang Ryan (Bar No.: 228641)
                                        4633 Old Ironsides Drive
                                        Santa Clara, CA  95054
                                        Telephone: (925) 257-3097
                                        Email: bingzhangryan@magstonelaw.com

                                        *Attorney for Plaintiffs*