IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO MIDDLE EAST FZE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZHE ZHANG, et al.,<br><br>Defendants. | Case No. 21-cv-03985-CRB<br><br>**ORDER ON MOTION TO DISMISS COMPLAINT, MOTION TO DISMISS CROSSCLAIM** |

On October 28, 2021, the Court held a hearing on three motions pending in this case. See Motion Hearing (dkt. 53). This Order pertains to two of them: (1) Defendants' Motion to Dismiss the Complaint (dkt. 9); and (2) Plaintiffs' Motion to Dismiss the Crossclaim (dkt. 26).

## I.      MOTION TO DISMISS COMPLAINT

Plaintiffs Leo Middle East FZE (Leo ME) and Leo Holdings Hong Kong Limited (Leo HK) (collectively, Plaintiffs) sued Defendants Zhe Zhang and EWI Capital, LLC (EWI) (collectively, Defendants) for breach of contract, breach of fiduciary duty, and fraud. Defendants move to dismiss all claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also move to dismiss the breach of fiduciary duty and fraud claims for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Court rules that:

- The Investment Agreement between the parties includes a mandatory, enforceable forum-selection clause. Defendants deliberately moved to dismiss the breach of fiduciary duty and fraud claims, but not the breach of contract claim, based on the forum-selection clause. Plaintiffs have not demonstrated that Defendants are barred from waiving their forum-

United States District Court
Northern District of California

selection defense for some claims but not others. Accordingly, the Court GRANTS the motion to dismiss with respect to the two claims Defendants wish to dismiss: breach of fiduciary duty and fraud.

- Defendants move to dismiss the breach of contract claim for failure to state a claim. Plaintiffs allege that Defendants breached the Investment Agreement by (1) failing to return the investment amount to Plaintiffs and (2) failing to provide financial information to Plaintiffs in a timely manner.

- Plaintiffs' argument that Defendants breached the Investment Agreement by failing to return the investment amount makes little sense. As the Court currently understands the case, once Plaintiffs gained control of the shares pursuant to the Transfer Agreement, Plaintiffs regained the value of their $5 million investment. Holding that Defendants breached the Investment Agreement by thereafter refusing to repay Plaintiffs the original $5 million dollars—on top of the $5 million in shares—would be unjust.

- Plaintiffs' argument that Defendants breached the Investment Agreement by failing to provide financial information fails because Plaintiffs do not allege how they were damaged by such a breach. Plaintiffs allege $5 million in damages from Defendants' failure to repay the investment, not from the failure to provide financial information.

- Accordingly, the Court GRANTS the Motion to Dismiss, with leave to amend the breach of contract claim if Plaintiffs can do so in good faith.

## II.    MOTION TO DISMISS CROSSCLAIM

Cross-Claimants EWI and Zhang sued Cross-Defendants Leo ME, Leo HK, Edgewater HTT III, LLC (Edgewater), and Wang Xiangrong,[1] and Roes 1–15, for breach of contract, breach of the duty of good faith and fair dealing, and malicious prosecution. See Crossclaim (dkt. 10). Cross-Defendants move to dismiss all crossclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See MTD Crossclaim (dkt. 26). In advance of the hearing, Cross-Claimants voluntarily dismissed the crossclaim for malicious prosecution. See Notice (dkt. 52). As to the

United States District Court
Northern District of California

---

[1] Edgewater and Xiangrong have not yet been served. A separate order will address Cross-Claimants' motion for alternative service (dkt. 32).

crossclaims for breach of contract and for breach of the duty of good faith and fair dealing, the Court rules that:

- Cross-Defendants move to dismiss the breach of contract crossclaim because they assert that Cross-Claimants fail to allege that they performed or were excused from performance under the Investment Agreement. Cross-Defendants contend that Cross-Claimants did not perform because they refused "to return the $5 million to Cross-Defendants." But, as explained above, this theory of the case appears to make little sense.[2] The Court therefore DENIES the motion to dismiss with respect to the breach of contract crossclaim.

- Cross-Defendants move to dismiss the breach of the duty of good faith and fair dealing crossclaim because Cross-Claimants "fail to demonstrate that they did all or substantially all of the significant things that the contract required them to do"—specifically, returning the $5 million. As stated above, this is a losing argument.

- Cross-Defendants also argue that the breach of the duty of good faith and fair dealing crossclaim should be disregarded as superfluous. The Court disagrees.

- Finally, at the very end of the motion hearing, Cross-Defendants asserted that if the Court dismisses the breach of fiduciary duty and fraud claims in the Complaint due to the forum selection clause, it should also dismiss the breach of the duty of good faith and fair dealing crossclaim due to the forum selection clause. This is not the appropriate mechanism for invoking the forum selection clause. If Cross-Defendants want to move, in writing, to dismiss a crossclaim due to the forum selection clause, they may do so. Cross-Claimants may then respond to that motion, in writing, and raise any arguments they deem

//

//

[2] For the first time in their reply brief, Cross-Defendants also argue that "Cross-Complainants' breach of contract [cross]claim and breach of duty of good faith and fair dealing [cross]claim against Leo HK must fail because they fail to allege that Leo HK signed the Investment Agreement or . . . any other contracts." The Court need not address an argument made for the first time in a reply brief.

appropriate, including arguments as to waiver.  <u>See</u> Fed. R. Civ. P. 12(h)(1).  In the meantime, the Court DENIES the motion with respect to the breach of the duty of good faith and fair dealing crossclaim.

**IT IS SO ORDERED.**

Dated: October 29, 2021



CHARLES R. BREYER
United States District Judge