UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEO MIDDLE EAST FZE, et al.,

           Plaintiffs,

    v.

ZHE ZHANG, et al.,

           Defendants.

Case No.  21-cv-03985-CRB

**ORDER DENYING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 56

Plaintiffs and Cross-Defendants Leo Middle East FZE (Leo ME), Leo Holdings Hong Kong Limited (Leo HK), Edgewater HTT III, LLC (Edgewater), and Wang Xiangrong, and Roes 1-15 move to compel arbitration of the crossclaims filed by Defendants and Cross-Claimants EWI Capital, LLC (EWI) and Zhe Zhang.  See Mot. (dkt. 56).  On January 20, 2021, the Court held a hearing on the motion.  See Minute Entry (dkt. 66).  After careful review of the parties' filings and oral argument, the Court DENIES the motion.

I.      **BACKGROUND**

      A.      **Parties**

EWI is a company registered in Delaware.  Crossclaim (dkt. 14) ¶ 9.  Zhang is the principal of EWI, and resides and conducts his business in San Mateo County, California.  Id.  Zhang controlled and managed Edgewater until November 2018, when Zhang transferred control to Cross-Defendants. Compl. (dkt. 1) ¶¶ 11, 27–28.

Leo ME is an entity registered to do business in the United Arab Emirates, and Leo HK is an entity registered to do business in Hong Kong.  Crossclaim ¶¶ 10–11.  Leo HK currently owns Edgewater.  Id. ¶ 13.  Wang Xiangrong is the chairman of the Leo group of companies, which include Leo ME and Leo HK.  Id. ¶ 14.  The Roe defendants are fifteen individuals whose true

names and capacities are unknown, but who Defendants and Cross-Claimants believe bear responsibility for the management of the companies. Id. ¶¶ 17–18.

**B.      Investment Agreement**

On or around September 1, 2017, Leo ME agreed to purchase 1,428,571 shares of Series A Preferred Stock of Hyperloop Transportation Technologies, Inc. (HTT) from Edgewater for $5 million in an Investment Agreement with Edgewater and EWI.  Compl. ¶ 12.  The parties agreed that Leo ME would act as a Limited Partner and EWI would act as a General Partner to manage the HTT investment.  Id.  Zhang signed the Investment Agreement on behalf of EWI.  Id.

The Investment Agreement contains an arbitration clause.  See Investment Agreement (dkt. 1-1) (hereinafter Investment Agreement) § 4.3.  The Investment Agreement specifies:

> Any dispute, controversy or claim arising out of or relating to this Agreement, or the breach, termination or invalidity thereof, shall be submitted to resolution by arbitration before the Hong Kong International Arbitration Center ("HKIAC") in accordance with the Hong Kong International Arbitration Centre Administered Arbitration Rules in force when the notice of arbitration is submitted in accordance with these rules.

Id.

**C.      Procedural History**

Plaintiffs and Cross-Defendants brought suit in this Court on May 26, 2021, alleging that Defendants and Cross-Complainants materially breached the contract, breached their fiduciary duties, and committed fraud by failing to return the HTT investment upon expiration of the Agreement, and by failing to provide them with financial information on the investment.  See Compl. at 3–10.

On June 30, 2021, Defendants and Cross-Complainants filed a cross complaint for damages, alleging that the Cross-Defendants breached the contract and the duty of good faith and fair dealing.  See Crossclaim (dkt. 10).  Defendants and Cross-Complainants moved to dismiss the complaint on June 29, 2021.  See MTD Compl. (dkt. 9).  On July 20, 2021, Plaintiffs and Cross-Defendants then moved to dismiss the Crossclaims.  See MTD Crossclaim (dkt. 26).  On October 28, 2021, the Court heard the parties' competing motions and granted Defendants and Cross-

Claimants' motion.  See Order on Mot. to Dismiss (dkt. 54).  In that order, the Court dismissed Plaintiffs and Cross-Defendants' breach of contract claim on the merits, and dismissed its breach of fiduciary duty and fraud claims based on the mandatory forum selection clause in the Investment Agreement.  Id. at 1–2.[1]  The Court denied Plaintiffs and Cross-Claimants' Motion to Dismiss, leaving just the counterclaims in place.  Id. at 3–4.  On January 20, 2021, Plaintiffs and Cross-Defendants moved to compel arbitration on the crossclaims.  See Mot. Defendants and Cross-Claimants opposed the motion, arguing that Plaintiffs and Cross-Defendants waived their right to compel arbitration via participation in litigation.  See Opp'n. (dkt. 58).

## II.    LEGAL STANDARD

Under the Federal Arbitration Act, a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Such "agreements to arbitrate are enforced according to their terms."  Volt Info. Scis., Inc. v. Bd. Of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989).

There is a presumption against finding that a party waived its contractual right to arbitrate. Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24–25 (1983).  A party seeking to prove waiver must demonstrate that the opposing party: (1) had knowledge of an existing right to compel arbitration, (2) acted inconsistently with that right, and (3) prejudiced the party that opposes the arbitration.  Martin v. Yasuda, 829 F.3d 1118, 1123 (9th Cir. 2016).

## III.    DISCUSSION

Plaintiffs and Cross-Defendants argue that the arbitration clause in the Investment Agreement requires that the parties arbitrate the dispute before the Hong Kong International Arbitration Center.  See Mot. at 3.  They note that the Court already dismissed the breach of

---

[1] The Court explained that Defendants and Cross-Claimants had deliberately moved to dismiss the breach of fiduciary duty and fraud claims, but not the breach of contract claim, based on the forum selection clause, and that Plaintiffs and Cross-Defendants had failed to demonstrate that Defendants and Cross-Claimants were barred from waiving their forum-selection defense for some claims but not others.  Id. at 1–2.

United States District Court
Northern District of California

United States District Court
Northern District of California

fiduciary duty and fraud causes of action because of the forum selection clause, and argue that not allowing the crossclaims to be arbitrated along with those claims would cause "parallel proceedings." See Reply (dkt. 59) at 2. Defendants and Cross-Claimants oppose arbitration, arguing that Plaintiffs and Cross-Defendants waived their right to compel arbitration via participation in litigation. See Opp'n. at 4–9. Defendants and Cross-Claimants argue that (A) the Court, not the arbitrator, should decide the issue of waiver, and (B) Plaintiffs and Cross-Defendants waived their right to arbitrate by initiating the lawsuit in this Court and otherwise acting inconsistently with that right, which prejudiced Defendants and Cross-Claimants. Id. They also argue that (C) the risk of parallel proceedings does not require arbitration. The Court agrees with Defendants and Cross-Claimants.

### A. Whether the Court or the Arbitrator Decides Waiver

Plaintiffs and Cross-Defendants argue that the decision of whether a party waived its right to arbitrate should be determined by an arbitrator. See Reply at 2. Defendants and Cross-Claimants argue that it is the Court's duty to decide the issue of waiver. See Opp'n at 2.

The United States Supreme Court distinguishes between two categories of issues concerning motions to compel arbitration: questions of arbitrability and questions of procedure. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). The Ninth Circuit explained that the first category, pertaining to arbitrability, "includes issues that the parties would have expected a court to decide such as 'whether the parties are bound by a given arbitration clause' or whether 'an arbitration clause in a concededly binding contract applies to a particular type of controversy.'" Martin, 829 F.3d at 1123. Therefore, "questions of arbitrability" are for "judicial determination unless the parties clearly and unmistakably provide otherwise." Id. In contrast, the second category, pertaining to procedure, is presumptively for an arbitrator to decide. Id. For example, whether a party met the arbitral forum's statute of limitation requirement is a procedural question that the parties would have expected the arbitrator to decide. Howsam, 537 U.S. at 85.

Litigation conduct resulting in waiver of an arbitration clause falls into the first category. Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1121 (9th Cir. 2008). Accordingly, a court must decide whether a party waived arbitration, unless the agreement contains "clear and unmistakable"

language demonstrating that the parties intended that an arbitrator determine that issue.  Martin, 829 F.3d at 1124.

Many courts have determined the issue of waiver as a defense to a motion to compel arbitration.  See Cox, 533 F.3d at 1126 n.2. (citing Khan v. Parsons Global Servs., 521 F.3d 421, 424–25 (D.C. Cir. 2008); In re Tyco Int'l Ltd. Sec. Litig., 422 F.3d 41, 44 (1st Cir. 2005); PPG Indus., Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107 (2d Cir. 1997); Great W. Mortgage Corp. v. Peacock, 110 F.3d 222, 232 (3d Cir. 1997)).  In Cox, the arbitration agreement stated that "[a]ny controversy . . . involving the construction or application of the terms, provisions, or conditions of this Agreement or otherwise arising out of or related to this Agreement shall likewise be settled by arbitration."  Cox, 533 F.3d at 1117.  Despite this language, the court found that the court itself, and not an arbitrator, should decide the issue of waiver.  Martin, 829 F.3d at 1124 (citing Cox, 533 F.3d at 1125).

In Martin, the Ninth Circuit echoed this rule, concluding that the language in the arbitration provision was not clear and unmistakable enough to have an arbitrator determine the issue of waiver.  829 F.3d at 1124.  There, the agreement language read, "any dispute arising from my [contract] no matter how described, pleaded or styled, shall be resolved by binding arbitration . . . All determinations as to the scope, enforceability and effect of this arbitration agreement shall be decided by the arbitrator, and not by a court."  Id. at 1120.  Again, the court found that this clause did not specifically address the question of waiver by participation in litigation, and so did not overcome the strong presumption that a court determine this question.  Id. at 1124.

Here, the arbitration agreement states that "[a]ny dispute, controversy or claim arising out of or relating to this agreement, or the breach, termination or invalidly thereof, shall be submitted to resolution by arbitration."  Investment Agreement § 4.3.  This language is similar to that of Martin, and nearly mirrors the language of Cox.  The Ninth Circuit held in both of those cases that broad language about "any controversy" involving the agreement or "any dispute arising from" the agreement nonetheless failed to clearly and unmistakably carve out the waiver issue for an arbitrator.

The Ninth Circuit's precedent makes clear that there is a strong presumption that issues of

waiver via participation in litigation are decided by the courts.  If the parties in this case intended that an arbitrator decide this issue, they needed to draft clear and unmistakable language to that effect.  Because they did not, the Court must decide the waiver issue.

### B.      Waiver

The next question is whether the Plaintiffs and Cross-Defendants waived their right to arbitration via participation in litigation.  There is a strong presumption against finding that a party waived its contractual right to arbitrate, and any doubts must be resolved in favor of arbitration. Mercury Const. Corp., 460 U.S. at 24.  However, courts in this circuit may refuse to enforce an arbitration clause when the party that seeks to compel arbitration has waived that right.  Martin, 829 F.3d at 1124.  A party has waived its right to arbitrate via participation in litigation when: (1) it had knowledge of an existing right to compel arbitration, (2) it acted inconsistent with that right, and (3) its actions prejudiced the party that opposes arbitration.  Id.  Each of these factors point to Plaintiffs and Cross-Defendants waiving their right to arbitration via participation in litigation.

#### 1.      Plaintiffs Initiated This Lawsuit

Plaintiffs and Cross-Defendants attached the Investment Agreement to the original complaint that they filed with this Court.  See Compl. ¶¶ 1, 24.  The Investment Agreement contained the arbitration language that is at dispute in this motion.  Id.  Plaintiffs and Cross-Defendants do not allege in any of their filings that they were unaware of the clause until a later time in the proceedings.  Thus, it is likely that they knew of the arbitration clause when they voluntarily brought suit in this Court.

#### 2.      Plaintiffs Acted Inconsistent with Their Right to Arbitrate

There is no concrete test for when a party has acted inconsistent with its right to arbitrate. Martin, 829 F.3d at 1125.  However, the Ninth Circuit has held that a party's delay in moving to arbitrate may show a "conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims," which would be inconsistent with a right to arbitrate."  Id.

Choosing to file their complaint with this Court indicates that Plaintiffs and Cross-Defendants did not wish to exercise their right to arbitrate.  See Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 759 (9th Cir. 1988) (holding that waiver occurred when the party did

United States District Court
Northern District of California

United States District Court
Northern District of California

1  not claim a right to arbitrate in any of the initial pleadings).

2      Furthermore, Plaintiffs and Cross-Defendants chose to continue to litigate by moving this

3  Court to dismiss Defendants and Cross-Claimants' counterclaims.  See MTD Crossclaim.

4  Litigating motions to dismiss instead of requesting that the matter go to an arbitrator is

5  inconsistent with a desire to arbitrate.  Kelly v. Pub. Util. Dist. No. 2 of Grant Cty., 552 F. App'x

6  663, 664 (9th Cir. 2014).  Here, Plaintiffs and Cross-Defendants' motion to dismiss the crossclaim

7  did not contain any jurisdictional arguments or request that the matter move to arbitration.  See

8  MTD Crossclaim at 2, 7–10.  Plaintiffs and Cross-Defendants moved to compel arbitration when

9  the Court denied their motion to dismiss.  Courts have long taken a "dim view" of plaintiffs who

10  compel arbitration after receiving an unfavorable order.  SanDisk Corp. v. SK Hynix Inc., 84 F.

11  Supp. 3d 1021, 1033 (N.D. Cal. 2015).

12      In addition, participating in discovery is inconstant with the desire to arbitrate.  Kelly, 552

13  Fed. App'x at 64.  Plaintiffs and Cross-Defendants participated in discovery.  Plaintiffs and Cross-

14  Defendants propounded six sets of written discovery and an "omnibus" letter attempting to attain

15  further responses and documents from Defendants and Cross-Claimants.  Ables Decl. (dkt. 58-1)

16  ¶¶ 3–4.  Defendants and Cross-Claimants responded to these requests.  Id.  Arbitration has its own

17  discovery procedures, so taking advantage of the Federal Rules to obtain discovery that Plaintiffs

18  might not have a right to in an arbitration setting points to waiver of arbitration.  Propounding

19  discovery in the way that Plaintiffs did favors a waiver of the arbitration clause.  See Martin, 829

20  F.3d at 1125, 1126.

21          **3.**    **Prejudice**

22      To establish prejudice, Defendants and Cross-Claimants must prove either (1) that they

23  incurred specific costs that they would otherwise not have, (2) that they were forced to litigate an

24  issue and prevailed on that issue, or (3) that the other party gained information that they would

25  otherwise not have received in arbitration.  Hebei Hengbo New Materials Tech. Co. v. Apple, Inc.,

26  344 F. Supp. 3d 1111, 1126–27 (N.D. Cal. 2018).  Each of these forms of prejudice appear to be

27  present here.

28      First, Plaintiffs and Cross-Defendants filed this case in this Court, which forced

1    Defendants and Cross-Claimants to respond.  In addition, the parties exchanged significant

2    discovery and litigated motions to dismiss.  These costs would not have been incurred if Plaintiffs

3    and Cross-Defendants initially exercised their right to arbitration.

4          Second, Plaintiffs and Cross-Defendants tested their original complaint and filed a motion

5    to dismiss of the crossclaim.  It was only after Plaintiffs and Cross-Defendants failed to prevail on

6    these motions that they attempted to compel arbitration.  Allowing this case to go to arbitration

7    would be a "mulligan" for the Plaintiffs and Cross-Defendants.  See Martin, 829 F.3d at 1128.

8    This "second bite of the apple" would cause Defendants and Cross-Claimants prejudice.

9          Third, Plaintiffs and Cross-Defendants propounded discovery to which they might not

10   have been entitled in an arbitration setting.  Using the federal court system and the Federal Rules

11   to obtain information about Defendants and Cross-Claimants' case would significantly prejudice

12   Defendants and Cross-Claimants.

13         **C.      "Parallel Proceedings"**

14         Finally, Plaintiffs and Cross-Defendants argue that allowing the Crossclaim to be litigated

15   in this Court would cause the case to proceed on two parallel tracks, which might result in

16   inconsistent rulings.  Plaintiff's breach of fiduciary duty and fraud claims, which this Court

17   dismissed because of the asserted forum selection clause, would be arbitrated in Hong Kong,[2]

18   while the Crossclaim would be litigated here, leading to possible inconsistencies.  See Reply at 2.

19   Plaintiffs and Cross-Defendants argued this point extensively at the motion hearing.  But if this is

20   a problem, it is a problem of Plaintiffs and Cross-Defendants' own making.  Plaintiffs and Cross-

21   Defendants chose to file suit in this Court, thereby waiving the forum selection clause as to each

22   of their claims.  See Compl.; see also Investment Agreement § 4.3 (parties agreed that any claims

23   and disputes relating to the Agreement would be submitted to arbitration in Hong Kong).

24   Plaintiffs and Cross-Defendants chose to challenge the Crossclaim—the very claims they now

25   seek to arbitrate—with a motion to dismiss in this Court.  See MTD Crossclaim.  They also

26   availed themselves of discovery in this Court.  It was only when Plaintiffs and Cross-Defendants

27

28   _____
     [2] Apparently, Plaintiffs and Cross-Defendants have not yet initiated arbitration of those claims.

United States District Court
Northern District of California

were unsuccessful before this Court that they attempted to bale out.  They may not do so by seeking to compel arbitration, because they waived the right to arbitrate.  See Martin, 829 F.3d at 1124.

**IV.     CONCLUSION**

       For the foregoing reasons, the Court DENIES the motion to compel arbitration.

       **IT IS SO ORDERED.**

Dated: January  24  , 2021

CHARLES R. BREYER
United States District Judge