UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO MIDDLE EAST FZE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZHE ZHANG, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-03985-CRB (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 76 |

　　　1. Leo's request to compel further responses to RFPs 1 and 3 (set 1) is denied for failure to meet and confer. Zhang and EWI state that Leo didn't meet and confer about these RFPs "in the Parties' videoconference meet and confer," dkt. 76 at 2, and Leo hasn't challenged this representation. Before bringing a discovery dispute to the Court, "[c]ounsel for each party must meet and confer in person or by videoconference." AGT Civil Standing Order § VII.B. As to RFPs 1 and 3 (set 1), the Court isn't convinced that Leo satisfied this requirement.

　　　2. Leo's request to compel further responses to RFP 4 (set 1) and RFP 4 (set 3) is denied because Leo seeks documents outside the scope of these RFPs. The disputed RFPs seek documents from Zhang relating to the "HTT investment." Dkt. 76-1 at 10, 47 (capitalization omitted). Leo has invoked these RFPs in requesting documents related to Grand River Capital Limited and related to Zhang's role as a director of HTT. *See* Dkt. 76 at 2. Leo hasn't persuasively explained how the requested documents come within the scope of RFP 4 (set 1) or RFP 4 (set 3).

　　　3. Leo's request to compel further responses to ROGs 1 and 2 (set 2) is granted. These ROGs asked EWI for certain information related to Grand River Capital Limited, *see* dkt. 76-1 at 68, a company that allegedly acquired an 80% ownership interest in EWI, *see* dkt. 76 at 2. EWI responded that it lacked sufficient information to answer the ROGs, *see* dkt. 76-1 at 68–69, but the

Court cannot determine whether EWI conducted a reasonably diligent search before responding. EWI must amend its responses to either provide substantive answers to these ROGs or to state under oath that it conducted a reasonably diligent search for responsive information and nevertheless lacks sufficient information to respond.

    4. Leo's request to compel further responses to ROGs 2 and 3 (set 4) is granted in part. These ROGs seek information related to whether Zhang is a registered securities broker. *See* Dkt. 76-1 at 58. In the parties' joint statement, Zhang says he told Leo he "is not a registered securities broker," dkt. 76 at 5, but Zhang doesn't explain when, and in what form, he conveyed this information. If Zhang isn't a registered securities broker, he must say so under oath in response to ROGs 2 and 3 (set 4). In response to ROG 2 (set 4), Zhang must also identify any "qualification exams" he took to demonstrate his "competency in conducting securities activities or transactions." Dkt. 76-1 at 58.

    Zhang and EWI must comply with this order by February 21, 2023.

    **IT IS SO ORDERED.**

Dated: February 13, 2023

                                                                  Alex G. Tse
                                                                  United States Magistrate Judge